NIGHT BOX
FILED
FEB 26 1999

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JUAN ADOLFO LOPEZ,

  Plaintiff,

vs.

DADE COUNTY FEDERAL CREDIT UNION,
a Florida Corporation,

  Defendant.
_____/

CASE NO. **99- 591 CIV-HIGHSMITH**

MAGISTRATE JUDGE **MAGISTRATE JUDGE DUBÉ**

**COMPLAINT FOR REDRESS OF CIVIL RIGHTS AND PENDENT STATE CLAIMS**

Plaintiff Demands a Jury Trial

  Plaintiff JUAN ADOLFO LOPEZ sues Defendant DADE COUNTY FEDERAL CREDIT UNION, a Florida corporation, and alleges:

### JURISDICTION AND VENUE

  1. This is an action for civil rights violations under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq* and 42 U.S.C. § 1981. Plaintiff also joins a Florida statutory claim under Florida Statute § 760.01, Florida Civil Rights Act, and a Dade County ordinance claim under Chapter 11A, Code of Metropolitan Dade County, Florida.

  2. Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. §§ 2000(e-5)(f) & 12101, FMLA, 28 U.S.C. §§ 1331, 1343 and 1367.

  3. Venue is proper in the United States District Court for the Southern District of Florida because at all material times

---

AKPODIETE LAW GROUP, P.A.
COURTHOUSE PLAZA, SUITE 510, 28 W. FLAGLER STREET, MIAMI, FLORIDA U.S.A. 33130
TELEPHONE: 1 (305) 358-3666 * TELEFAX: 1 (305) 631-4234
E-MAIL: akpodiet@sprynet.com * WEBSITE: http://www.lawyers.com/akpodiete

1



*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

Plaintiff was employed by the Defendant DCFCU, a Florida corporation that does business in Dade County, Florida. Additionally, the acts giving rise to this claim occurred in Dade County, Florida.

## PARTIES

4. Plaintiff JUAN ADOLFO LOPEZ is sui juris, a citizen of the United States and a resident of Dade County, Florida.

5. Defendant DADE COUNTY FEDERAL CREDIT UNION ("DCFCU") is a corporation organized and existing under the laws of the State of Florida, and at all times material hereto conducted substantial and continuous business in Dade County, in the State of Florida.

6. At all times material to this action, the Scott Weiss was or is Senior Vice President of Accounting for Defendant DCFCU and held a position of authority over the Plaintiff, JUAN ADOLFO LOPEZ.

7. At all times material to this action, the Defendant and certain of its representatives engaged in certain unlawful discriminatory practices described elsewhere in this complaint, the result of which caused the Plaintiff to be discriminated

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

---

against based upon his disability and in retaliation for filing a charge of discrimination and a lawsuit against Defendant.

8. The Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1981, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 12101, FMLA, an Florida Statute § 760.01, Florida Civil Rights Act.

### STATEMENT OF FACTS

9. Plaintiff is a male, who, on or about March 5, 1990, was employed by Defendant DCFCU as a collector in Defendant DCFCU's collections department, and was a Recovery Specialist at the time of termination.

10. During Plaintiff's employment with Defendant, he was subjected to both Hostile Environment and Quid Pro Quo sexual harassment by named Scott Weiss, Senior Vice President for Defendant.

11. This was reported to management and nothing was done about it.

12. As a result, Plaintiff filed a charge of discrimination with the EEOC against Defendant and a lawsuit, Case No. 97-3268-CIV-MOORE, for *inter alia*, sexual harassment.

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

13. After the lawsuit, Defendant continued to retaliate against Plaintiff.

14. Defendant's Human Resource Manager, Tom Hamlon, threatened Plaintiff that if Plaintiff left Defendant's employment, Defendant will make sure that Plaintiff could never get a job with any other credit union or bank.

15. Defendant continued to make Plaintiff's life miserable to force him to resign.

16. In fact, Plaintiff was forced to seek medical and psychological help because of Defendant's retaliation, to the extent that since April 1998, Plaintiff has been essentially away from work on medical leave.

17. Every time Plaintiff returned to work, defendant will call him into an office and insult, curse and scream at him.

18. On October 13, 1998, the parties had a mediation in that case and an impasse was declared by the mediator.

19. On or about October 15, 1998, Plaintiff called Defendant and informed Defendant that he will be sending his doctor's note the following day, which will state that he is not to return to work for another 30 days. Plaintiff left a voice message for Tom Hamlon at (305) 471-5080 (extension 2170) and

also directly with Roxanna Hildago, Secretary to Tom Hanlon, at extension 2171. Plaintiff explained to Ms. Hildago that if Doctor does not release Plaintiff. a doctor's note will be sent. Plaintiff also gave Ms. Hildago his home telephone number to be contacted if there was any problem.

20. Later that same day, Plaintiff watched his wife mail the doctor's note to Defendant at a mailbox on 19th Street and 62nd Avenue.

21. Plaintiff has always mailed his doctor's release to DCFCU in the past without any problem.

22. Notwithstanding this, on October 21, 1998, Defendant terminated Plaintiff.

23. During the times material, the Plaintiff's other colleagues were treated differently.

24. Plaintiff performed his job very well and had several excellent work evaluations, bonuses and commendation letters from customers.

25. The Defendant DCFCU, through its practices and policies as employers, has discriminated against the Plaintiff on the basis of his gender.

26. As a result of Defendant' actions, Plaintiff has been

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

damaged, including both physically (chest pain, stomach acid, other gastro-intestinal problem, anxiety attack), emotional and psychologically. Plaintiff was admitted in the hospital for three days because of chest pains from Defendant's harassment and discrimination.

### CONDITIONS PRECEDENT

27. The Plaintiff has complied with all conditions precedent to the maintenance of this action, or they have been waived or excused by the Defendant.

28. The Plaintiff timely filed a charge of discrimination, based on retaliation and disability, on October 23, 1998, with United States Equal Employment Opportunity Commission ("EEOC"), the Florida Commission on Human Rights ("FCHR") and Metropolitan Dade County Equal Opportunity Board ("DCEOB"). Thereafter, the EEOC issued a right to sue letter to the Plaintiff. A copy of said right to sue letter from the EEOC is attached hereto as Exhibit "1."

29. This complaint has been filed within ninety (90) days following the Plaintiff's receipt of the right to sue letter from the EEOC.

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

## ENTITLEMENT TO ATTORNEY'S FEES

30. The Plaintiff has engaged the services of undersigned legal counsel to prosecute this action in his behalf and has agreed to pay them a reasonable fee for their services.

31. Pursuant to 42 U.S.C. §§ 2000e-5(k), 12101, & 1988, FMLA, Florida Statute § 760.11(13) and Code of Metropolitan Dade County Florida § 11A-12(4), the Plaintiff is entitled to his reasonable attorney's fees if he is the prevailing party in this action.

## COUNT I
### (Retaliatory Discharge)

The Plaintiff adopts and by reference thereto re-alleges the paragraphs 1 to 52 as though fully set forth herein.

32. After Defendant subjected Plaintiff to sexual harassment, hostile work environment and gender discrimination, Plaintiff took actions to protect his rights by, *inter alia*, complaining to his supervisor Haydee Mullins, Kathy Raymond and the President, Mr. Wiltze about the sexual harassment, filing a charge of discrimination with the EEOC and filing the a lawsuit. The actions were protected by both federal and state law.

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

Defendant DCFCU, through its supervisors, has subjected Plaintiff to retaliation because Plaintiff undertook the protective action.

33. The retaliation includes, but is not limited to, terminating Plaintiff.

34. The willful actions of the Defendant were so outrageous (both in terms of policy and implementation) and were carried out with such malice and recklessness and wanton disregard for the Plaintiff's human and civil rights, that the Plaintiff is also entitled to punitive damages.

**WHEREFORE**, Plaintiff JUAN ADOLFO LOPEZ demands judgment against the Defendant for injunctive and declarative relief, compensatory and punitive damages, attorneys fees and costs, Pre-judgment and post-judgment interest, as well as any other relief, legal and equitable, that this Court may deem just and proper.

### COUNT II
### (Violation of 42 U.S.C. § 12101)
### The Americans With Disabilities Act of 1990

The Plaintiff adopts and by reference thereto re-alleges the paragraphs 1 to 52 as though fully set forth herein, and further alleges:

35. Plaintiff was an employee of Defendant as defined by

*JUAN ADOLFO LOPEZ* vs. *DADE COUNTY FEDERAL CREDIT UNION*
CASE NO.

---

the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12111.

36.  Defendant is an employer as defined by The Americans With Disabilities Act of 1990 and 42 U.S.C. § 12111.

37.  Plaintiff is a person with a disability as defined under the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12102(2) in that he has a physical impairment that substantially limits one or more of the major life activities and/or he has a record of such an impairment and/or is perceived as having a disability. Plaintiff's disability is severe depression and emotional distress.

38.  Plaintiff is a qualified person with a disability as defined by the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12111(8).

39.  During the time Plaintiff was employed by Defendant, Defendant discriminated against him with respect to Plaintiff's disabilities in violation of the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12112.

40.  Such discrimination consisted of the following:

    (a)  Refusing to accommodate Plaintiff due to his disability; and

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

(b)   Terminating Plaintiff.

41. The above invidious discrimination constitutes a violation as defined under the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12111. The described conduct is also severally actionable as separate acts of discrimination.

42. Defendant's discriminatory act limited, segregated and classified Plaintiff in a way that adversely affected the opportunity or status of Plaintiff's employment because of Plaintiff's disability.

43. Defendant's act has the effect of subjecting Plaintiff as an employee with a disability to the discrimination prohibited by the Americans With Disabilities Act of 1990 and Subchapter 1 of 42 U.S.C. § 12112.

44. The basis for Plaintiff's discrimination was his disability specifically by denying Plaintiff employment opportunities although he was an otherwise qualified individual with a disability as defined by the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12111(a).

45. As a direct and proximate result of the intentional and intolerable, premeditated discriminatory acts by Defendant with respect to the terms, conditions and privileges of Plaintiff's

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

---

employment, he has been damaged. His damages include back and future pay, future pecuniary loss, medical costs and expenses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of status, and other non-pecuniary losses. These damages are sought pursuant to the Americans With Disabilities Act of 1990 and 42 U.S.C. § 12101.

46. To the extent some or all of these damages are still classified as equitable relief, Plaintiff is without an adequate remedy at law.

47. The willful actions of Defendant were so outrageous - both in terms of policy and implementation - and was carried out with such malice and recklessness as one disregard for Plaintiff's human and civil rights, that Plaintiff is also entitled to punitive damages against Defendant pursuant to 42 U.S.C. 1981(a).

**WHEREFORE**, Plaintiff JUAN ADOLFO LOPEZ demands compensatory and punitive damages against Defendant DCFCU, attorney's fees, costs, Pre and post judgment interest, as well as any other relief this court deems just and appropriate.

*AKPODIETE LAW GROUP, P.A.*
*COURTHOUSE PLAZA, SUITE 510, 28 W. FLAGLER STREET, MIAMI, FLORIDA U.S.A. 33130*
*TELEPHONE: 1 (305) 358-3666   *   TELEFAX: 1 (305) 631-4234*
*E-MAIL: akpodiet@sprynet.com   *   WEBSITE: http://www.lawyers.com/akpodiete*

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

## COUNT III
### (Disability Discrimination in Violation of the Florida Civil Rights Act of 1992 Florida Statute 760.01)

The Plaintiff adopts and by reference thereto re-alleges the paragraphs 1 to 52 as though fully set forth herein, and further alleges:

48. The Plaintiff is an employee as defined by Florida Statute 760.02(5).

49. The Defendant is an employer as defined by Florida Statutes 760.02(6).

50. The facts alleged elsewhere in this complaint demonstrate that the Defendant discriminated against the Plaintiff with respect to his employment because of his disability. Plaintiff's disability is severe depression and emotional distress.

51. The Defendant's acts violate the Florida Civil Rights Act of 1992 and specifically Florida Statute 760.10 by terminating Plaintiff because of Plaintiff's disability.

52. As a direct and proximate result of the intentional and premeditated violation of the Florida Civil Rights Act of 1992 by the Defendant with respect to the employment of the Plaintiff, the Plaintiff has suffered great economic and other losses.

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

53. The violation of the Plaintiff's civil rights under the Florida Civil Rights Act of 1992 constitutes an act of invidious disability discrimination.

54. The Plaintiff's compensatory damages include loss of work, humiliation, emotional pain, distress, depression, and loss of his self-esteem, loss of enjoyment of life, loss of pay (both back and future), bonuses, fringe and retirement benefits.

55. The willful actions of the Defendant were so outrageous (both in terms of policy and implementation) and were carried out with such malice and recklessness and wanton disregard for the Plaintiff's human and civil rights, that the Plaintiff is also entitled to punitive damages pursuant to the Florida Civil Rights Act of 1992, specifically Florida Statute 760.11(5).

**WHEREFORE**, Plaintiff JUAN ADOLFO LOPEZ demands judgment against the Defendant DCFCU for injunctive and declarative relief, compensatory and punitive damages, attorneys fees and costs, Pre-judgment and post-judgment interest, as well as any other relief, legal and equitable, that this Court may deem just and proper.

*AKPODIETE LAW GROUP, P.A.*
COURTHOUSE PLAZA, SUITE 510, 28 W. FLAGLER STREET, MIAMI, FLORIDA U.S.A. 33130
TELEPHONE: 1 (305) 358-3666 * TELEFAX: 1 (305) 631-4234
E-MAIL: akpodiet@sprynet.com * WEBSITE: http://www.lawyers.com/akpodiete

13

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

## COUNT IV
### (Violation of FMLA)

The Plaintiff adopts and by reference thereto re-alleges the paragraphs 1 to 52 as though fully set forth herein.

56. At al times material hereto, Plaintiff requested leave to take care of himself because of severe depression and emotional distress associated with the job, but Defendant denied the request in violation of FMLA and terminated Plaintiff while he was on leave and under his doctor's care.

57. At al times material hereto, Plaintiff requested leave because of a serious health condition (severe depression and emotional distress) that made his unable to perform the essential functions of his job with or without reasonable accommodation, but Defendant also did not grant the request in violation of FMLA.

**WHEREFORE**, Plaintiff JUAN ADOLFO LOPEZ demands judgment against the Defendant for injunctive and declarative relief, back pay, damages, attorneys fees and costs, Pre-judgment and post-judgment interest, as well as any other relief, legal and equitable, that this Court may deem just and proper.

*JUAN ADOLFO LOPEZ vs. DADE COUNTY FEDERAL CREDIT UNION*
*CASE NO.*

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues and all counts of this complaint so triable as a matter of right.

Dated: **February 12, 1999**.

                        Respectfully submitted,

                        AKPODIETE LAW GROUP, P.A.
                        Attorneys for Plaintiff
                        Courthouse Plaza
                        28 W. Flagler Street, Suite 510
                        Miami, Florida  33130-1890
                        Telephone: (305) 358-3666
                        Telefax: (305) 631-4234

By: _____
     Alexander O. Akpodiete, Esq.
     Fla. Bar No. 17728

C:\WORK\OPEN\2136.02\COMPLAIN\February 12, 1999

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

99 - 591
CIV-HIGHSMITH

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM).

**I. (a) PLAINTIFFS**

JUAN ADOLFO LOPEZ

**DEFENDANTS**

DADE COUNTY FEDERAL CREDIT UNION

MAGISTRATE JUDGE DUBÉ

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **MIAMI DADE**
(EXCEPT IN U.S. PLAINTIFF CASES)

A-Dade/99cv591/Highsmith/Dubé

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alexander O. Agoodjiet
28 W. Flagler St. N 510
(305) 358-3666 Miami, FL 33130

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

NIGHT BOX FILED
FEB 26 1999 JC

ATTORNEYS (IF KNOWN)
CARL JUSKE
CL

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | B☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☒ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing Accommodations | B☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property |  | B☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc Security Act | A☐ 871 IRS – Third Party 26 USC 7609 |  |
|  |  | B☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FMLA, ADA, and 42 USC 2000e-5

LENGTH OF TRIAL
via 4 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**
JUDGE _____ DOCKET NUMBER _____

DATE 2/26/99
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

$150.00   705761

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

03/01/99